IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sammy Webb, Jr., | Civil Action No. 3:10-cv-2161-JFA |
| Plaintiff, | |
| vs. | |
| | **ORDER OF DISMISSAL** |
| South Carolina Department of Insurance, | |
| Defendant. | |

This matter comes before the Court upon Defendant South Carolina Department of Insurance's request to dismiss this case based upon Plaintiff's failure to prosecute. This suit arises out of the revocation of Plaintiff's license to act as a producer/surety bondsman in the State of South Carolina because of incidents of misconduct uncovered during an investigation by the Department of Insurance into the Plaintiff's practice as a bail bondsman. In his suit, Plaintiff alleges that his Fourteenth Amendment Due Process rights were infringed when the Department of Insurance failed to provide him with a proper and timely hearing on the revocation of his bondsman license. Plaintiff also asserts a claim pursuant to the South Carolina Tort Claims Act because he believes the Department of Insurance was negligent in its decision to revoke his license.

The Department of Insurance filed its motion for summary judgment in this matter on February 28, 2011. During the time to respond to the motion, Plaintiff's counsel withdrew as counsel of record, as approved by this Court. On March 28, 2011, the Court issued a Roseboro Order to the Plaintiff, explaining the importance of the Department of Insurance's motion for summary judgment and granting the Plaintiff a 45-day extension to seek legal representation or to file a response to the Department's motion. This extension

expired on May 12, 2011. Despite this extension of time, the Plaintiff has failed to respond to the Department's motion or to notify the court of any changes in his case. Therefore, the Court finds that the Plaintiff has abandoned his suit and that good cause exists to grant the Department's request to dismiss the suit for failure to prosecute. In doing so, the Court has reviewed the parties' submissions in this case and finds that there are no genuine disputes over any material facts asserted by the parties. Accordingly, the Plaintiff's case is dismissed with prejudice.

    IT IS SO ORDERED.

May 31, 2011                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge